# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MARCUS ZINMAN, | Case No. 1:25-cv-00426-FRS (BAM) (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION OR NOTICE OF APPEAL AS MOOT (ECF No. 21) |
| v. | |
| GALLOWAY, | ORDER GRANTING MOTIONS TO AMEND OR SUPPLEMENT THE COMPLAINT (ECF Nos. 11, 16, 18, 19) |
| Defendant. | |
| | ORDER DENYING MOTION TO RESCIND REQUEST FOR COUNSEL AS MOOT (ECF No. 10) |
| | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION WITHOUT PREJUDICE (ECF No. 7) |
| | ORDER DENYING MOTION FOR DAUBERT HEARING AS PREMATURE (ECF No. 13) |
| | ORDER DENYING PLAINTIFF'S MOTION FOR COURT TO REFRAIN FROM REFERRING TO PLAINTIFF AS "PRISONER" (ECF No. 15) |
| | **THIRTY (30) DAY DEADLINE** |

## I.    Background

Plaintiff Justin Marcus Zinman ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on April 11, 2025.

1

(ECF No. 1.)  The original complaint was screened on May 9, 2025, (ECF No. 12), and Plaintiff filed a first amended complaint on May 23, 2025, (ECF No. 14).  The first amended complaint has not yet been screened.  Plaintiff has subsequently filed several motions to join exhibits and claims to the first amended complaint.  In addition, since the filing of this action, Plaintiff has filed a plethora of other motions and supplemental exhibits, which will be addressed by the instant order.

## II.    Discussion

### A.    Motion for Reconsideration or Notice of Appeal

On January 7, 2026, the Court issued a Notice of Temporary Magistrate Judge Assignment that provided as follows:

> The Court, having considered the equitable and efficient division and economical determination of court business, finds the necessity for temporary assignment of this case.  This case is ASSIGNED to Fresno Magistrate Judge (FRS) until such time as a new magistrate judge is appointed.  In the interim, this case is temporarily REFERRED to Recalled Magistrate Judge Barbara A. McAuliffe.

(ECF No. 20.)

In response, on January 20, 2026, Plaintiff filed a motion for reconsideration or notice of appeal regarding the notice of temporary assignment.  (ECF No. 21.)  Plaintiff characterizes the notice as a dispositive order and purports to appeal the order as an order for indeterminate assignment, arguing that "putting off a case" until the appointment of a new Magistrate Judge is too indeterminate.  Plaintiff requests that the Court "establish a reasonable time frame for when [Plaintiff] can expect to be appointed a Magistrate Judge" or, alternatively, Plaintiff seeks an appeal of the Court's temporary assignment order to the Ninth Circuit Court of Appeals.  (*Id.*)  Plaintiff also attaches an exhibit unrelated to his motion for reconsideration, which is addressed in Section II.B.

Plaintiff's motion for reconsideration or notice of appeal is denied, as moot.  As stated in the assignment notice, this case has been referred to the undersigned until a new magistrate judge is appointed.  (ECF No. 20.)  As this action has not been "put off" pending appointment of a new Magistrate Judge, there is no indeterminate assignment to be reconsidered.  Plaintiff's motion is

unnecessary, and this action will proceed as referred to the undersigned until further order of the Court.

### B.    Motions to Amend or Supplement Complaint

Currently pending are a variety of motions relating to amendment of the complaint, submission of supplemental exhibits, and requests to join related claims against the named defendant.  (ECF Nos. 11, 16, 18, 19, 21.)  As no defendant has yet been served, for the sake of judicial economy, and because Plaintiff alleges that he wishes to include new information in an amended complaint, the Court will grant the motions pursuant to Federal Rule of Civil Procedure 15(a)(2).  However, Plaintiff must file **one** cohesive pleading setting forth all facts and exhibits he wishes to include in the second amended complaint.  The Court will not sift through multiple amended and supplemental pleadings in order to determine which claims Plaintiff intends to pursue in this action.

Upon the filing of a second amended complaint, it will be screened in due course by the Court.

### C.    Motion to Rescind Request for Counsel

In the original complaint, Plaintiff included a request for appointment of counsel.  (ECF No. 1.)  On May 5, 2025, Plaintiff filed a motion to rescind this request.  (ECF No. 10.)  Prior to ruling on Plaintiff's motion to rescind the request, the Court screened the original complaint and denied Plaintiff's original request for appointment of counsel.  (ECF No. 12.)  Accordingly, Plaintiff's motion to rescind the request for counsel is denied, as moot.

Plaintiff is also reminded that the filing fee has been paid and Plaintiff is not proceeding in forma pauperis in this action.  The Court is not aware of any authority that would allow the appointment of counsel for a litigant in a civil action who is not proceeding in forma pauperis.

Even if Plaintiff were proceeding in forma pauperis in this action, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in

3

certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

### D.     Motion for Preliminary Injunction

In light of the Court granting Plaintiff leave to file a second amended complaint, Plaintiff's motion for preliminary injunction, filed April 28, 2025, (ECF No. 7), is denied, without prejudice.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

As at this time there is no operative complaint to screen, the Court cannot find that Plaintiff has shown a likelihood of success on the merits. In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over Defendant or any other prison staff who might be involved in Plaintiff's medical care.

**E.      Motion for *Daubert* Hearing**

Plaintiff further requests that the Court hold a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589–92 (1993), so he can establish his expertise as a professional in aspects of this case related to Healthcare Communications and testify thereto. (ECF No. 13.)  Plaintiff's motion is denied as premature.

As noted above, this case will be screened upon the filing of Plaintiff's second amended complaint.  Therefore, the action remains at the pleading stage.  While exhibits and evidence are permissible at the pleading stage if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence.  If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence, including any purported expert witness testimony.

**F.      Motion for Court to Refrain from Referring to Plaintiff as "Prisoner"**

On June 6, 2025, Plaintiff filed a motion for the Court to refrain from referring to him as "prisoner."  (ECF No. 15.)  In support of his request, Plaintiff refers to a motion to be afforded judicial power filed in *Zinman v. Wright*, Case No. 2:24-cv-09267-JVS-JC (C.D. Cal.), as well as the motion for a *Daubert* hearing discussed above, arguing that he is both a Federal Officer and an expert in Healthcare Communications.

Plaintiff's request is denied.  While Plaintiff alleges that he is acting as an agent of the federal government or otherwise a professional expert, Plaintiff has not yet established that these assertions are based in fact.  Moreover, while the Court agrees that Plaintiff is not "just" a prisoner, and will generally refer to Plaintiff as "Plaintiff" or by his legal name, it remains a fact that Plaintiff is currently a prisoner in the custody of the California Department of Corrections and Rehabilitation.[1]  As such, the Court may also describe Plaintiff as a prisoner as relevant and

---

[1] The Court may take judicial notice of public information stored on the CDCR California Incarcerated Records and Information Search ("CIRIS") website.  *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d. 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute);

appropriate to the proceedings in this action.

**G.     Death Threats as Grounds for Sanctions**

Plaintiff further states in this motion for the Court to refrain from referring to him as a prisoner that he issued a "True Threat" in *Zinman v. Wright*, "to have a 'message' delivered to that Court as a, 'bomb' in that, 'case' which will hopefully make, 'contact' within the week."[2] (ECF No. 15, p. 2.)  Plaintiff further explains as follows:

> (the double entendre about the bomb and case is explicitly noted and is illustrated through an attachment containing pictures of evidence in an official FBI report from the Lockerbie case, a Report which contains highly, specially relevant information concerning the sincerity and seriousness of [Plaintiff's] action/s). Hopefully, the Declaration/threatened action will serve to prove that [Plaintiff] is serious about working with/for the Federal Government and finally put to rest the issue of taking [Plaintiff] seriously (also note that Lockerbie has special relevance to [Plaintiff's] association with the Federal Government – see attached).

*Louis v. McCormick & Schmick Restaurant Corp.*, 460 F. Supp. 2d. 1153, 1155 n.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).  Pursuant to the CIRIS website, as of the date of this order, Plaintiff Justin Marcus Zinman, CDCR Number BP2365 was admitted to the custody of CDCR on July 21, 2021, with a parole eligible date of January, 2024 and a pending Nonviolent Offender Parole Review of December 2025.

[2] The Court takes judicial notice of Plaintiff's Declaration filed on June 5, 2025 in *Zinman v. Wright*, in which Plaintiff states in relevant part:

> . . . Plaintiff is issuing this Declaration . . . in hopes of moving forward with this Action as requested by showing this Court what a "True Threat" actually looks like (and is).

> Hopefully, this, and forthcoming events, will get this Court Moving.

> Justin Marcus Zinman hereby declares:

> . . . . In any case, no amount of car-bomb barriers or security protocols can prevent Justice from being served and Liberty from breaking through. . . .

> Now, to remind this Court that noone gets away with doing wrong . . . the Plaintiff is sending You a "message" . . . just because a significant amount of Time passes, making it seem as if someone has "gotten away", does not mean JUSTICE is not Coming (see attached, and the mention of a "Bomb" in a "Case" certainly contains a double entendre here given that the Plaintiff's "True Threat" here does indeed intend to "drop a bomb" on the Court through this Case). . . .

> Prepare for incoming engagement within the Week (contact imminent).

> BOOM
>       BOOM
>             BOOM

*Zinman v. Wright*, Case No. 2:24-cv-09267-JVS-JC, Doc. 20.  Plaintiff also attached what appear to be photographs and excerpts of reports related to the bombing of Pan Am Flight 103 on December 21, 1988, also known as the Lockerbie bombing.  *Id.*

6

> Hopefully, talk about, "proving ones seriousness" with the mention of "explosive information" can be appreciated without undue tension, especially given that there should not be a tenuous relationship between [Plaintiff] and the Courts and being "serious" per se should not be cause for grave fear. Clearly, [Plaintiff] is dealing with a very serious situation and he has every professional interest in making his case both clear and respected with all the talent/creativity he can muster.

(*Id.*)

With respect to Plaintiff's implicit and explicit threat to bomb this Court or any other court, Plaintiff is admonished that future threats can provide a basis for dismissal of this case.

"Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (citations and internal quotation marks omitted). "As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines." *F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001). "Direct contempts that occur in the court's presence may be immediately adjudged and sanctioned summarily, and, except for serious criminal contempts in which a jury trial is required, the traditional distinction between civil and criminal contempt proceedings does not pertain." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 n.2 (1994) (citations omitted); *see also* Fed. R. Civ. Pro. 42(a) ("[T]he court (other than a magistrate judge) may summarily punish a person who commits criminal contempt in its presence if the judge saw or heard the contemptuous conduct and so certifies; a magistrate judge may summarily punish a person as provided in 28 U.S.C. § 636(e). The contempt order must recite the facts, be signed by the judge, and be filed with the clerk."). Contemptuous statements included in filings with a court can constitute direct contempt. *Bianco v. Erkins*, 2002 WL 35645715, at *2 (D. Idaho Oct. 24, 2002) (and cases cited therein); *Fine v. Superior Ct.*, 97 Cal. App. 4th 651, 665 (2002); *People v. Parker*, 328 Ill. App. 46, 57–58 (1946).

///

7

Death threats in particular warrant strong litigation sanctions. *Ramirez v. Mendoza*, No. 1:22-cv-00790-AWI-EPG (PC), 2022 WL 17261991, at *2 (E.D. Cal. Nov. 29, 2022). In fact, the Seventh Circuit has found that "threats against judges warrant the *strongest* possible litigation sanction." *Hughes v. Varga*, 2021 WL 3028145, at *2 (7th Cir. July 19, 2021) (emphasis added). This is further supported by courts that have held that "[d]eath threats directed at an opposing party and a witness are sufficiently serious to warrant the sanction of dismissal." *Kalwasinski v. Ryan*, 2007 WL 2743434, at *2 (W.D.N.Y. Sept. 17, 2007); *Davis v. Saint Luke's Roosevelt Hosp.*, 2018 WL 10384114, at *1 (S.D.N.Y. Apr. 16, 2018) (same), *aff'd sub nom. Davis v. Saint Luke's-Roosevelt Hosp. Ctr.*, 771 F. App'x 116 (2d Cir. 2019); *McClintock v. Cooper*, 2021 WL 4741898, at *5 (E.D. Cal. Oct. 12, 2021) (same), report and recommendation adopted, 2021 WL 5494777 (E.D. Cal. Nov. 23, 2021). It should hardly need to be said that death threats have no place in litigation.

**Plaintiff is warned that future threats of violence, whether implicit or explicit, will result in sanctions, which may include dismissal of this action.**

**III.    Conclusion and Order**

For the reasons stated, Plaintiff will be permitted to file a second amended complaint that sets forth in **one** pleading all the claims Plaintiff intends to pursue in this action.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by

8

reference.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for reconsideration or notice of appeal, (ECF No. 21), is DENIED, as moot;

2. Plaintiff's motions for leave to amend or supplement the complaint, (ECF Nos. 11, 16, 18, 19), are GRANTED;

    a. Plaintiff is granted **thirty (30) days** in which to file a second amended complaint;

    b. The Clerk's Office shall send Plaintiff a complaint form; and

    c. **<u>If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to state a claim, failure to prosecute, and failure to obey a court order</u>**;

3. Plaintiff's motion to rescind request for counsel, (ECF No. 10), is DENIED, as moot;

4. Plaintiff's motion for preliminary injunction, (ECF No. 7), is DENIED, without prejudice;

5. Plaintiff's motion for *Daubert* hearing, (ECF No. 13), is DENIED, as premature; and

6. Plaintiff's motion for Court to refrain from referring to Plaintiff as "prisoner," (ECF No. 15), is DENIED.

IT IS SO ORDERED.

Dated:   **January 27, 2026**      /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE