**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUSTIN MARCUS ZINMAN, | Case No. 1:25-cv-0426-KES-FJS (PC) |
| Plaintiff, | ORDER DENYING SECOND MOTION FOR JOINDER |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, AND DIRECTING CLERK OF COURT TO CLOSE CASE |
| GALLOWAY, | |
| Defendant. | |
| | Docs. 25, 30 |

Justin Marcus Zinman is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Zinman filed a first amended complaint ("FAC") on May 23, 2025. Doc. 14. While screening was pending, Zinman filed several motions to join exhibits and claims to the first amended complaint, as well as several motions and supplemental exhibits. Docs. 7, 10, 11, 13, 16, 18, 19, 21. Addressing Zinman's requests, the magistrate judge granted leave to file a second amended complaint. Doc. 22.

On February 6, 2026, Zinman filed a motion for reconsideration. Doc. 23. The magistrate judge inferred that Zinman wished to stand on the FAC and screened the pleading pursuant to 28 U.S.C. §1915A. The magistrate judge found Zinman failed to state a claim and recommended the Court dismiss the action with prejudice. Doc. 25. On March 9, 2026, Zinman filed objections to

1

the findings and recommendations, together with a second motion for joinder.[1]  Docs. 28, 30.

Zinman seeks to join the instant action with *Zinman v. Cal. Bd. of Parole Hearings*, Case No. 1:25-cv-00687-KES-HBK (HC), a habeas petition challenging the decision denying him parole, which was dismissed on August 28, 2025, and *Zinman v. Video AVSS/BWC in form of 33422*, Case No. 1:25-cv-00620-KES-BAM (PC), a civil rights case that was dismissed for failure to prosecute on September 15, 2025.  Doc. 30.  Zinman argues the two cases should be joined with the instant action because each "verifies a pattern" of practices or policy directly related to or connected with the policy challenged in this action.  *Id.* at 1.  However, Zinman does not identify any legal basis to revive the closed matters, and joinder is improper.

In the objections, Zinman does not identify any allegations in the FAC asserting a cognizable claim.  Zinman also does not demonstrate any error in the magistrate judge's analysis of the claims raised in the FAC.  Finally, there is no showing that Zinman could cure the pleading deficiencies with further leave to amend.

In accordance with 28 U.S.C. § 636(b)(1), this Court conducted a de novo review.  Having carefully reviewed the file, including the Zinman's objections, the Court concludes the findings and recommendations are supported by the record and by proper analysis. The Court ORDERS:

1.    Plaintiff's second motion for joinder (Doc. 30) is DENIED.

2.    The findings and recommendations issued on February 12, 2026 (Doc. 25) are ADOPTED in full.

3.    This action is DISMISSED with prejudice, for failure to state a claim.

4.    The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:    June 15, 2026                          _____

UNITED STATES DISTRICT JUDGE

---

[1] Zinman also filed a motion for an advisory opinion, which the magistrate judge denied on March 23, 2026.  Docs. 29, 32.

2